# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States v. Wilton Toney*
Case No. 3:18-cr-00012-TMB

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Wilton Toney's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion").[1] Toney argues that his sentence should be reduced because his (1) "advanced age" and (2) "serious medical conditions" place him at an "elevated risk for future medical complications."[2] United States Probation and Pretrial Services ("USPO") supports the Motion,[3] while the United States of America (the "Government") opposes it.[4]

In the Motion, Toney contends that the Bureau of Prisons ("BOP") is unable to provide the treatment he needs for his medical conditions, which include dilated cardiomyopathy, atrial fibrillation ("A-fib"), congestive heart failure, emphysema, and complications from a stroke he suffered in May 2022.[5] Furthermore, Toney argues that his risk of experiencing another stroke is likely to increase without long-term "physical therapy, occupational therapy, and other specialized care" that will allow him "to regain function and independence."[6] To support these arguments, Toney attaches a variety of medical records that confirm the seriousness of his medical conditions and raise questions concerning the adequacy of BOP's management of these conditions.

In light of the foregoing, the Court sets a Motion Hearing on **March 16, 2023 at 1:00 p.m. in Anchorage Courtroom 1** and **ORDERS** that the BOP medical provider most familiar with Toney's diagnoses, care, and proposed future care and treatment be present via video or telephone and provide testimony regarding this matter. Furthermore, if Toney has an outside medical provider familiar with his diagnoses, care, and proposed future care and treatment, the Court welcomes this provider's presence via video or telephone.

At the Motion Hearing, the BOP medical provider most familiar with Toney's diagnoses, care, and proposed future care and treatment shall also address the following questions:

---

[1] Dkt. 68 (Motion).
[2] *Id.* at 1, 6.
[3] Dkt. 74 (USPO Memo)
[4] Dkt. 75 (Opposition).
[5] Dkt. 68 at 6; Dkt. 77 at 1.
[6] Dkt. 68 at 7.

1

(1) Toney's medical records indicate that his doctor believed at the time of his May 2022 stroke that he would need to either undergo a A-fib ablation or have a pacemaker inserted into his body. Was Toney evaluated for either of these options after his stroke? If not, why not? Does he still need an ablation or a pacemaker, and if so, how urgent is that need? How quickly would BOP be able to schedule Toney for one of these procedures?
(2) Was Toney evaluated for a cardioversion before his December 2022 hospitalization? If not, why not?
(3) Is there a reason why Toney did not receive physical therapy after his stroke even though physical therapy was recommended? Does he currently need physical therapy?
(4) What is Toney's risk of experiencing another cardiac event if he correctly follows his instructions to take the medications that he has been prescribed?

Furthermore, defense counsel shall address the following questions:

(1) Does Toney have an outside medical provider that has reviewed his BOP medical records and has an opinion on his care and treatment?
(2) Does Toney have a release plan that includes a plan for medical treatment?
(3) What will early release accomplish if Toney is not taking his medications?

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 28, 2023.